**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

NORBERT W. STEWART, a/k/a Dred,
a/k/a Shorty,
Defendant-Appellant.

No. 97-4356

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CR-95-320)

Submitted: June 30, 1998

Decided: August 4, 1998

Before HAMILTON and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jonathan Matthew Harvey, Columbia, South Carolina, for Appellant.
J. Rene Josey, United States Attorney, Cameron G. Chandler, Assis-
tant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Norbert Stewart appeals his conviction for conspiracy to possess with the intent to distribute and to distribute marijuana, cocaine, and cocaine base, in violation of 21 U.S.C.A. § 846 (West Supp. 1998); possession with the intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 1981); using a communication facility to facilitate the possession with the intent to distribute and distribution of marijuana, cocaine, and cocaine base, in violation of 21 U.S.C.A. § 843 (West 1994 & Supp. 1998); and money laundering, in violation of 18 U.S.C.A. §§ 1956(a)(1)(A)(i) & (B)(i) (West Supp. 1998). We affirm.

In 1992, Stewart met Delroy Beckford, with whom he purchased cocaine. After purchasing the cocaine, Beckford transported the cocaine to South Carolina where his girlfriend, Pam Rogers, distributed the drugs. An investigation of the organization established that several other individuals were involved in purchasing and distributing drugs and that much of the organization's business was conducted over the telephone.

During the course of the investigation, the Government applied to the district court for a wiretap of Rogers' telephone and presented the supporting affidavit of FBI Special Agent Richard Powers. The affidavit outlined the methods of normal investigative techniques that had been tried with limited success and those that were unlikely to succeed if attempted. Based upon the application and affidavit, the district court issued an order authorizing the wiretap of Rogers' telephone.

Following the indictment of fifty individuals, Stewart moved to suppress the evidence obtained from the wiretap. The district court held a hearing and denied the motion to suppress. At trial, the Government introduced several recorded telephone conversations.

2

On appeal, Stewart asserts that the district court erroneously denied his motion to suppress the wiretap evidence because the Government's application and accompanying affidavit did not contain sufficient facts to satisfy 18 U.S.C.A. § 2518(1)(c) (West 1970) and to support the district court's finding of necessity under § 2518(3)(c) (West 1970). Under § 2518(1)(c), a wiretap application must contain "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." The burden upon the government "to show the inadequacy of normal investigative techniques is not great, and the adequacy of such a showing is `to be tested in a practical and common sense fashion.'" United States v. Smith, 31 F.3d 1294, 1297 (4th Cir. 1994) (quoting United States v. Clerkley, 556 F.2d 709, 714 (4th Cir. 1977)).

The affidavit of Special Agent Powers explained the traditional investigative procedures used to investigate the organization for the three years preceding the wiretap application. These included interviewing a number of confidential sources, placing a pen register on Rogers' telephone, "spot" surveillance of Rogers' residence, and tracing wire transfers. The affidavit explained that through these procedures, law enforcement authorities had been able to gather a limited amount of evidence concerning the organization but could not determine the identities of other co-conspirators and sources.

The affidavit also explained that such techniques as introducing undercover agents, employing physical surveillance, mailcovers, and search warrants would not be successful in disclosing the nature of the conspiracy and those involved. Because the application and affidavit provided specific factual information as to how certain investigative methods had been employed with limited success and how others were unlikely to succeed, we find that the Government provided sufficient facts from which the issuing court could reasonably have concluded that a wiretap was necessary.

Stewart's contention that there was insufficient evidence to support a conviction of conspiracy fails. To prove a conspiracy, the government must show an agreement between two or more persons to "effectuate a criminal act." See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc), cert. denied, 117 S. Ct. 1087. We must

3

affirm Stewart's conviction "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

Viewed in the light most favorable to the Government, the evidence at trial showed that Stewart associated with Beckford and conspired to purchase cocaine and to distribute it in South Carolina. Beckford testified that he shared the proceeds of the sale of cocaine in South Carolina with Stewart and that Stewart supplied cocaine to Beckford and other co-defendants. The testimony also showed that members of the organization transported cocaine for Stewart and that Stewart sold cocaine and crack to other members of the conspiracy. Such evidence, along with the wiretap evidence, is sufficient to sustain a conviction for conspiracy.

Accordingly, we affirm Stewart's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED